Commonwealth *v.* Olan Mills, Inc., of Ohio.

Argued March 7, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Arthur Berman,* with him *Berman and Boswell,* for appellant.

*Edward T. Baker,* Deputy Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 31, 1972:

Olan Mills, Inc. of Ohio (Olan) filed exceptions to the opinion and order of this Court reported as *Commonwealth of Pennsylvania v. Olan Mills, Inc. of Ohio,* 1 Pa. Commonwealth Ct. 230, 274 A. 2d 272 (1971). We held that, although the taking of pictures in Pennsylvania for processing in another state for return and sale as finished portraits in Pennsylvania literally qualifies as the manufacturing of personal property under the Act of May 29, 1963, P. L. 49, 72 P.S. §3403-1, et seq., the manufacturing exclusion allowed by the statute does not apply to the cameras and unexposed film used in Pennsylvania since the entire production of the custom-made portrait is performed in Ohio. It was determined that only after the arrival of the film in Ohio did the actual first production stage of the portrait begin and the various procedures by Olan's skilled employees take place that result in the final product.

We have carefully considered Olin's exceptions and find them to be without merit. We only deem it necessary to discuss the assertion now made by Olan that our interpretation of the Act of May 29, 1963, 72 P.S. §3403-1, et seq., is unconstitutional as being in violation of the Commerce Clause of the United States Constitution. Olan cites *Halliburton Oil Well Cementing Company v. Reily,* 373 U.S. 64, 83 S. Ct. 1201, 10 L. Ed. 2d 202 (1963), *rehearing denied,* 374 U.S. 858, 83 S. Ct. 1861, 10 L. Ed 2d 1082 (1963), in support of this contention.

In *Halliburton* it was held that a Louisiana use tax, as applied to the labor and shop overhead cost of assembling in Oklahoma specialized equipment brought by the taxpayer to Louisiana for use in Louisiana, discriminated against interstate commerce in violation of

the United States Constitution, where the cost of assembling equipment would not have been subject to the use tax if the equipment had been assembled in Louisiana. This case is distinguishable on its facts from the case now before us. *Halliburton* dealt with the validity of a use tax on goods imported into the taxing state from out of state. Here we have an out-of-state manufacturer seeking an exclusion from the Pennsylvania tax for film and cameras purchased and used in Pennsylvania in what is a nonproduction stage of the manufacturing operation where the total production of the portrait is done in Ohio. We do not deem the holding in *Halliburton* applicable or controlling.

Accordingly, we make the following

### ORDER

And now, this 31st day of May, 1972, the exceptions filed to the opinion and order dated February 11, 1971, are dismissed and judgment is directed to be entered in favor of the Commonwealth and against Olan Mills, Inc., of Ohio, in the amount of $871.58, together with interest from October 1, 1966 and costs.

---

DISSENTING OPINION BY JUDGE CRUMLISH:

I dissent. This Court has held that Olan Mills uses the purchased cameras and films in the "manufacture of personal property." 1 Pa. Commonwealth Ct. 230, 235, 274 A. 2d 272 (1971). As I said in my dissenting opinion, I do not, however, agree with the majority that the sales and use tax exclusion sought by Olan Mills is dependent upon the location within this Commonwealth of the production stages of the manufacturing process. 1 Pa. Commonwealth Ct. 237-40.

On exceptions Olan Mills contends that this Court's interpretation of the statutory requirements for the exclusion sought is unconstitutional under the rationale

of the United States Supreme Court in *Halliburton Oil Well Cementing Company v. Reily,* 373 U.S. 64, 83 S. Ct. 1201, 10 L. Ed. 2d 202 (1963), rehearing denied, 374 U.S. 858, 83 S. Ct. 1861, 10 L. Ed. 2d 1082 (1963). I must agree with the taxpayer.

In *Halliburton,* special equipment, assembled outside Louisiana, was subject to a use tax for assemblage costs, while equipment assembled in Louisiana was not subject to the tax. Such a system of taxation was held in violation of the United States Constitution. Here the only distinction between tax excluded cameras and films and those subject to taxation is whether the processing of the product resulting *after* their use is carried on in the Commonwealth. I can see no distinction between the illegal discrimination against interstate commerce in *Halliburton* and the practice this Court sanctions today.